UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODRIC JUAVON SHORTS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2759** |
| **ST. CHARLES PARISH SHERIFF'S OFFICE ET AL.** | **SECTION: "G" (3)** |

## ORDER AND REASONS

Before the Court are Plaintiff Rodric Juavon Shorts's ("Plaintiff") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Plaintiff, a Louisiana state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 against multiple defendants, including the St. Charles Parish Sheriff's Office, St. Charles Parish Hospital, Judge Lauren Lemmon, and a number of detectives affiliated with the St. Charles Parish Sheriff's Office and St. Charles Emergency Medical Services.[2] The detectives named in the Complaint are Paul Quick, Harold Kingsmill, Allan Tabora, Kenneth Latour, Barrett Pearse, Philip Ibbitson, Erin Flynn, Christopher Waguespack, Anthony Wetta, Ginger Blange, Angelica Dunlap, Jody Fahrig, and David Kilday.[3] The Magistrate Judge recommends that certain claims be dismissed with prejudice, and she recommends that other claims remaining referred to the Magistrate Judge for further proceedings. Having considered the Complaint, the Report and Recommendation, Plaintiff's objections, the record, and the applicable law, the Court overrules Plaintiff's objections and adopts the Report and Recommendation.

---

[1] Rec. Doc. 19.

[2] Rec. Doc. 4.

[3] *Id.* at 2.

**I. Background**

On November 22, 2024, Plaintiff filed a complaint in this Court under 42 U.S.C. § 1983 against multiple defendants, alleging constitutional violations arising from his arrest on December 12, 2023.[4] Plaintiff claims that during the course of his arrest, multiple officers employed by the St. Charles Parish Sheriff's Office used excessive force, including brandishing assault rifles, slamming him onto vehicles, and repeatedly spraying him with pepper spray to the point that he vomited and lost consciousness.[5] Plaintiff further alleges that Detectives Quick, Kingsmill, Tabora, Latour, Pearse, Ibbitson, Flynn, Waguespack, Wetta, Blange, Dunlap, Fahrig and Kilday falsely arrested him for crimes he did not commit.[6] He asserts that these officers also illegally searched his home and vehicle.[7] In addition, Plaintiff alleges that Detectives Quick, Kingsmill, Tabora and Latour threatened and harassed him during an interrogation conducted at the hospital.[8] Plaintiff also contends that Judge Lauren Lemmon issued a "false warrant" for his arrest and that St. Charles Parish Hospital failed to give him adequate medical care.[9] Plaintiff seeks a declaratory judgment as well as monetary damages.[10]

On September 26, 2024, Plaintiff pled guilty to several charges following his arrest, including attempted possession of a firearm or carrying a concealed weapon by a convicted felon, attempted illegal carry of weapons while in possession of a controlled dangerous substance, and

---

[4] Rec. Doc. 1. The Complaint was originally marked deficient, and Plaintiff submitted a corrected Complaint on December 11, 2025. Rec. Doc. 4.

[5] Rec. Doc. 4.

[6] Rec. Doc. 4 at 2, 5–6, 8, 13.

[7] *Id*. at 7–12.

[8] *Id*. at 12.

[9] *Id*. at 12–13.

[10] *Id*. at 14.

possession of hydrocodone with the intent to distribute.[11] On February 21, 2025, the Magistrate Judge held a *Spears* hearing,[12] and subsequently issued a Report and Recommendation.

The Magistrate Judge recommended that the Court dismiss Plaintiff's claims against the St. Charles Parish Sheriff's Office because it is not a juridical person capable of being sued.[13] The Magistrate Judge recommended that the claims against the St. Charles Parish Hospital be dismissed because it is a political subdivision of the State and not considered a person under Section 1983.[14]

The Magistrate Judge recommended that any official capacity claims against the Detectives be dismissed as frivolous because he did not allege that their individual actions represent an official policy of the local government unit.[15] The Magistrate Judge further recommended that Plaintiff's claims for false arrest, illegal search and seizure, falsified police reports, and improper interrogation be dismissed as barred under *Heck v. Humphrey*.[16] However, the Magistrate Judge recommended that Plaintiff's excessive force claims against Detectives Quick, Kingsmill, Tabora, Pearse, Ibbitson, Waguespack, and Latour be allowed to proceed and remain referred to the Magistrate Judge for further development.[17] Finally, the Magistrate Judge recommended that the claims against Judge Lemmon in an official capacity be dismissed as barred by the Eleventh

---

[11] Rec. Doc. 18 at 7.

[12] Rec. Doc. 12.

[13] Rec. Doc. 18 at 10.

[14] *Id.* at 11.

[15] *Id.* at 12.

[16] *Id.* at 13–17 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

[17] *Id.* at 17–21.

Amendment, and the claims against Judge Lemmon in her individual capacity be dismissed as barred by absolute judicial immunity.[18]

## II. Objections to Report and Recommendation

Plaintiff objects to the Magistrate Judge's Report and Recommendation to the extent it recommends dismissal of several of his claims.[19] Plaintiff reiterates that, during the course of his December 12, 2023 arrest, officers with the St. Charles Parish Sheriff's Office allegedly used excessive force and engaged in unconstitutional conduct, including an illegal search of his home and vehicle, threats and harassment during interrogation, and the fabrication of police reports.[20] Plaintiff asserts that these actions violated his rights under Fourth and Fourteenth Amendments.[21]

Specifically, Plaintiff contends that officers slammed him against vehicles, repeatedly pepper sprayed him, and left him both physically and mentally traumatized.[22] Plaintiff objects to the dismissal of his claims for illegal search, false arrest, and falsified reports, arguing that these actions were committed without probable cause and in violation of his constitutional rights. Plaintiff further objects to the dismissal of his claim that St. Charles Parish Hospital neglected his medical needs during and after his arrest. Additionally, Plaintiff challenged the dismissal of claims against Judge Lemmon, alleging she issued a "false warrant" for his arrest without a proper legal basis.[23] Plaintiff does not dispute that he entered a guilty plea to multiple criminal charges

---

[18] *Id.* at 21–23.

[19] Rec. Doc. 19.

[20] *Id*. at 1–5.

[21] *Id*.

[22] *Id*. at 1–2.

[23] *Id*. at 2.

4

stemming from the arrest, but he asserts that he is attempting to withdraw his guilty plea.[24] The Court considers these objections under the applicable standards set forth below.

### III. Standard of Review

*A. Review of the Magistrate Judge's Report and Recommendation*

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend a disposition to the district court judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[25] A district judge "may accept, reject or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[26] The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[27] However, a district court's review is limited to plain error of parts of the report not properly objected to.[28]

*B. Standard for Frivolousness*

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[29] A complaint is frivolous if it lacks an arguable basis in law or fact.[30] A claim has no arguable basis in law if "it is based on indisputable meritless legal theory."[31] It lacks a basis in

---

[24] *Id.* at 2.

[25] 28 U.S.C. § 636(b)(1)(B).

[26] FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[27] FED. R. CIV. P. 72(b)(3).

[28] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

[29] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[30] *Id.*

[31] *Id.*

facts if "the facts alleged are clearly baseless."[32] If a court finds a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[33]

## IV. Law and Analysis

### A. *Claims against the St. Charles Parish Sheriff's Office, St. Charles Parish Hospital, and Judge Lauren Lemmon*

Plaintiff objects to the Magistrate Judge's recommendation that the claims against the St. Charles Parish Sheriff's Office, St. Charles Parish Hospital, and Judge Lauren Lemmon be dismissed with prejudice.[34] However, he does not present any basis of law or fact to dispute the conclusions of the Magistrate Judge.

The Fifth Circuit has held that parish sheriff's offices are not legal entities capable of being sued under Section 1983.[35] Similarly, St. Charles Parish Hospital, as a state-operated facility, is a political subdivision of the State of Louisiana and is entitled to Eleventh Amendment immunity.[36] St. Charles Parish Hospital also is not considered a "person" within the meaning of Section 1983.[37]

With respect to the claims against Judge Lauren Lemmon, Plaintiff alleges that she issued a "false warrant" for his arrest. Eleventh Amendment immunity also applies to any claims against Judge Lemmon in her official capacity.[38] Additionally, judges are entitled to absolute judicial

---

[32] *Id.*

[33] *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).

[34] Rec. Doc. 19 at 1–3.

[35] *Cozzo v. Tangipahoa Par. Council--President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002).

[36] *Jones v. Louisiana State Police*, No. 23-7258, 2023 WL 9284861, at *2 (E.D. La. Dec. 13, 2023), *report and recommendation adopted*, No. 23-7258, 2024 WL 167176 (E.D. La. Jan. 16, 2024), *aff'd*, No. 24-30093, 2024 WL 4346397 (5th Cir. 2024).

[37] *Id.*; *See also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

[38] *Boyd v. Lasher*, No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010) ("[B]ecause an official-capacity claim against the judge is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment.").

immunity for actions taken in their judicial capacity, even if those actions are allegedly erroneous, malicious, or in excess of their authority.[39] A judge will be subject to liability only when he or she has acted in the "clear absence of all jurisdiction."[40] Issuing a warrant is "unquestionably a judicial act."[41] Plaintiff's claims against Judge Lemmon arise from her judicial acts, thus the claims are barred by judicial immunity.

### B.     *Claims against the Detectives*

Plaintiff's official capacity claims against the Detectives must be dismissed as frivolous. "Official-capacity suits may be brought only against an official acting as a policymaker, such that his decisions represent the official policy of the local government unit."[42] Plaintiff does not allege that any of the defendant detectives have any policy-making authority. Plaintiff also does not identify any municipal policy that led to the alleged constitutional violations. Therefore, Plaintiff has not stated an official-capacity claim against any of the Detectives.

Plaintiff's individual capacity claims against the Detectives for false arrest, unlawful search and seizure, falsification of police reports, and improper interrogation are barred by *Heck v. Humphrey*, because Plaintiff's underlying convictions have not been reversed or otherwise invalidated. In *Heck v. Humphrey*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254, claim for damages bearing that relationship to a conviction or

---

[39] *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).

[40] *Id.* at 357.

[41] *Burns v. Reed*, 500 U.S. 478, 492 (1991).

[42] *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023).

sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[43]

In sum, if success on a plaintiff's Section 1983 claim would imply the invalidity of a state court conviction, *Heck* bars such claims and instructs such claims to be dismissed with prejudice until such time as the *Heck* bar is lifted.[44] To lift the *Heck* bar, the plaintiff must show that the prior criminal proceeding terminated in his favor by either being "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[45] The Supreme Court has also expanded *Heck* to bar claims of declaratory and injunctive relief.[46]

Plaintiff pled guilty to attempted possession or carrying a concealed weapon by a convicted felon, attempted illegal carry of weapons while in possession of a controlled dangerous substance, and possession of hydrocodone with the intent to distribute. A finding in Plaintiff's favor relative to an alleged "false arrest" would necessarily imply the invalidity of his resulting convictions in state court. Therefore, *Heck* clearly bars his false arrest claims until such time as he obtains a favorable disposition on all of the underlying criminal charges for which he was arrested.[47]

---

[43] 512 U.S. at 486–87.

[44] *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in *Heck* cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'").

[45] *Heck*, 512 U.S. at 487.

[46] *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

[47] *See Walter v. Horseshoe Entertainment*, 483 F. App'x 884, 887 (5th Cir. 2012) ("In order to support a claim for unlawful arrest, a plaintiff must show that he was arrested without probable cause. Here, the plaintiffs were arrested for crimes of which they were ultimately convicted. *Heck* therefore bars recovery for the false arrest claim, because the conviction necessarily implies that there was probable cause for the arrest." (citation omitted)).

Plaintiff's claims for unreasonable search and seizure, falsification of a police report, and improper interrogation likewise depend on the validity of Plaintiff's convictions. Since proving these claims would question the validity of Plaintiff's conviction, such claims are barred by *Heck*.

Plaintiff also cannot state a claim for verbal harassment and threats allegedly made during the interrogation. The Fifth Circuit has long held that allegations of verbal abuse, name-calling, or threatening language by law enforcement officers, absent any accompanying physical injury or deprivation of a constitutional right, does not give rise to a cognizable claim under Section 1983.[48] Plaintiff alleges that the detectives verbally threatened and harassed him during questioning, but he does not allege that these statements were accompanied by actionable conduct or any other independent constitutional harm. Without more, such allegations do not support a claim for relief.

The Magistrate Judge found that Plaintiff's allegations of excessive force by Detectives Quick, Kingsmill, Latour, Tabora, Pearse, Ibbitson, and Waguespack during his December 12, 2023 arrest were sufficiently specific to warrant further factual development. According to Plaintiff, these detectives slammed him against vehicles, struck him in the head, and repeatedly pepper sprayed him until he vomited and lost consciousness. However, Plaintiff has not alleged any direct involvement or use of force by Detectives Flynn, Wetta, Blange, Dunlap, Fahrig, and Kilday. During the *Spears* hearing Plaintiff did not testify that these officers participated in his physical apprehension, and mere presence at the scene or involvement in unrelated actions such as searches is insufficient to establish liability for excessive force.[49] Plaintiff does not raise any new facts regarding these individuals' involvement in the objection.

---

[48] *See McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983.").

[49] *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

Accordingly, the Court adopts the Magistrate Judge's recommendation and finds that Plaintiff's excessive force claims against Detectives Quick, Kingsmill, Tabora, Pearse, Ibbitson, Waguespack, and Latour should proceed for further factual development. The excessive force claims against Detectives Flynn, Wetta, Blange, Dunlap, Fahrig, and Kilday are dismissed for failure to state a claim upon which relief can be granted.

## V. Conclusion

For the reasons stated above, Plaintiff's Section 1983 claims against the St. Charles Parish Sheriff's Office, St. Charles Parish Hospital, and Judge Lauren Lemmon must be dismissed with prejudice as frivolous, for failing to state a claim upon which relief may be granted, and for seeking monetary relief from defendants who are immune from such relief. Plaintiff's claims against the Detectives in their official capacities are dismissed with prejudice for failure to state a claim. Plaintiff's claims against the Detectives in their individual capacities for false arrest, illegal search and seizure, and falsification of police report are dismissed with prejudice to their being asserted again until the *Heck* conditions are met. Plaintiff's interrogation claims against Detectives Quick, Kingsmill, Tabora, and Latour are dismissed with prejudice. Plaintiff's excessive force claims against Detectives Flynn, Wetta, Blange, Dunlap, Fahrig, and Kilday are dismissed with prejudice. Plaintiff's excessive force claims against Detectives Quick, Kingsmill, Tabora, Pearse, Ibbitson, Waguespack, and Latour in their individual capacities shall remain referred to the Magistrate Judge for further proceedings consistent with this opinion. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation;

**IT IS FURTHER ORDERED** that any claims against defendants the St. Charles Parish Sheriff's Office, St. Charles Parish Hospital, and Judge Lemmon are **DISMISSED WITH PREJUDICE** as frivolous or for failure to state a claim.

**IT IS FURTHER ORDERED** that any official-capacity claims asserted against defendants Quick, Kingsmill, Latour, Tabora, Pearse, Ibbitson, Flynn, Waguespack, Wetta, Blange, Dunlap, Fahrig, and Kilday are **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that the false arrest, illegal search and seizure, and falsification of police report claims against Defendants Quick, Kingsmill, Latour, Tabora, Pearse, Ibbitson, Flynn, Waguespack, Wetta, Blange, Dunlap, Fahrig, and Kilday in their individual capacities are **DISMISSED WITH PREJUDICE** to their being asserted until the *Heck* conditions are met.

**IT IS FURTHER ORDERED** that the interrogation-related claims against Quick, Kingsmill, Tabora, and Latour in their individual capacities are **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that the claims of excessive force against Defendants Flynn, Wetta, Blange, Dunlap, Fahrig, and Kilday in their individual capacities are **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that the claims of excessive force against Defendants Quick, Kingsmill, Latour, Tabora, Pearse, Ibbitson, and Waguespack in their individual capacities shall remain referred to the Magistrate Judge for further proceedings consistent with this opinion.

**NEW ORLEANS, LOUISIANA**, this  15th  day of September, 2025.

                                          **NANNETTE JOLIVETTE BROWN**
                                          **UNITED STATES DISTRICT COURT**