UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RODRIC JUAVON SHORTS CIVIL ACTION

VERSUS NO. 24-2759-EJD

ST. CHARLES PARISH SHERIFF'S OFFICE,
ET AL.

**ORDER AND REASONS**

Before the Court is a Motion for Attorney Fees filed by defendants Detectives Paul Quick, Harold Kingsmill, Allan Tabora, Barrett Pearse, Phillip Ibbitson, Christopher Waguespack, and Kenneth Latour.[1] For the following reasons, the motion is **DENIED**.

## I. Background

This case arises out of the December 12, 2023 arrest of plaintiff Rodric Juavon Shorts. Shorts, who was a Louisiana state prisoner at the time he brought this *pro se* and *in forma pauperis* action under 42 U.S.C. § 1983, sued multiple defendants and alleged various constitutional violations. After a *Spears* hearing, the Court allowed Shorts's claims of excessive force against Detectives Quick, Kingsmill, Tabora, Pearse, Ibbitson, Waguespack, and Latour in their individual capacities to proceed, but dismissed all other claims.[2] The remaining defendants moved for summary judgment on the basis of qualified immunity.[3] The Court ultimately found that defendants Detectives Quick, Kingsmill, Tabora, Pearse, Ibbitson, Waguespack, and

[1] R. Doc. 51.
[2] R. Doc. 20.
[3] R. Doc. 46.

Latour were entitled to qualified immunity, granted their motion for summary judgment, and dismissed with prejudice the claims against them.[4]

Defendants now move for $11,655 in attorney fees pursuant to Fed. R. Civ. P. 54(d)(2) and 42 U.S.C. § 1988 on the grounds that Shorts's claims were frivolous and lacked merit.[5] They assert that Shorts filed this action in retaliation for his arrest and subsequent conviction on several criminal charges.[6] Shorts, who was released from incarceration in December 2025,[7] did not file an opposition to the motion despite being provided the opportunity to do so.

## II. Analysis

Pursuant to 42 U.S.C. § 1988(b), a court may, in its discretion award attorney fees to the prevailing party in a § 1983 action. *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 556 (5th Cir. 2008). Simply establishing plaintiff's claims were unsuccessful, however, is insufficient to support an award of attorney fees to a prevailing defendant. Rather, under § 1988, the prevailing defendants must show the plaintiff's claims were "frivolous, unreasonable or groundless." *DeLeon v. City of Haltom City*, 113 F. App'x 577, 578 (5th Cir. 2004) (quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422 (1978)). The high standard applied to defendants under § 1988 is designed to ensure that no chilling effect is imposed upon plaintiffs seeking to vindicate their civil rights who

[4] R. Docs. 49 and 50.
[5] R. Doc. 51
[6] R. Doc. 51-1 at 4.
[7] R. Doc. 23.

might be otherwise hesitant to file suit for fear of a large attorney fee award against them. *Myers v. City of W. Monroe*, 211 F.3d 289, 292 n. 1 (5th Cir. 2000) (citations omitted).

In considering whether to award attorney fees to a prevailing party, courts should avoid "*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co.*, 434 U.S. at 421–22. "This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id.* at 422. The factors important to frivolity determinations are: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial." *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011). Ultimately, the decision to award attorney fees rests within the trial court's sound discretion. 42 U.S.C. § 1988; *Vitale v. Georgia Gulf Corp.*, 82 F. App'x 873, 876 (5th Cir. 2003) ("[P]revailing defendants *may* receive fees under the *Christiansburg* standard.").

Significantly, the Supreme Court has warned that attorney fees should "rarely" be awarded against *pro se* prisoners in a civil rights action. *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). The Court explained, "An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Id.*

Although the Court dismissed some of Shorts's claims after a *Spears* hearing, the Court cannot say that Shorts pursued those claims in bad faith. Nor can the Court find that Shorts's principal claims of excessive force, which survived frivolity screening, were wholly frivolous.

The fact that the Court ultimately granted summary judgment in favor of defendants does not require a finding that the claim was baseless. *Davis v. Par. of St. Tammany*, No. CIV.A. 10-364, 2011 WL 121902, at *3 (E.D. La. Jan. 12, 2011) (stating that "the fact that [plaintiff's] claims were dismissed on summary judgment instead of proceeding to trial on the merits does not necessitate" a finding that the claims were frivolous and denying motion for fees and costs). "[C]areful consideration given to the case by the district court is some indication that the suit was not frivolous." *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1146 (5th Cir. 1981). Here, the Court carefully considered the merits of the arguments in the light of the evidence in deciding to grant summary judgment in favor of the defense, further supporting the conclusion that this case was not frivolous.

Given Shorts's *pro se* prisoner status and the need to protect the ability of plaintiffs to initiate litigation to pursue potentially valid constitutional claims without the unnecessary threat of incurring onerous legal fees should those claims fail, the Court exercises its discretion to not award attorney fees in this matter.

## CONCLUSION

**IT IS ORDERED** that defendants' Motion for Attorney Fees, R. Doc. 51, is **DENIED**.

New Orleans, Louisiana, this 5th day of October, 2026.

**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**